ELIZABETH SISSON *et al.*

*v.*

DRAINAGE COMMISSIONERS OF DRAINAGE DISTRICT NO. 1.

*Filed at Ottawa November 9, 1896.*

1. DRAINAGE—*acts of commissioners which cannot be complained of on appeal.* In view of the express provision of the Farm Drainage act, (Laws of 1885, p. 87, sec. 27,) that an appeal shall be upon the ground, only, that the tax is a greater amount than the benefits to accrue to the land by the drainage, the question whether the commissioners were entitled to lay the tile deeper than proposed by the engineer's plans without recording the resolution cannot be raised.

2. SAME—*commissioners under Farm Drainage act may change plans of engineers.* Commissioners may place a drain deeper than provided for in the reported plans of the engineers they employ under section 17 of the Farm Drainage act (Laws of 1885, p. 83,) to report maps, profiles and estimates in writing.

3. SAME—*effect of failure of clerk to record resolution to deepen drain.* It is no defense to an assessment for a farm drain that the resolution of the commissioners to sink the tile a greater depth than that provided by the plans was not entered of record by the clerk.

4. SAME—*time when plan was adopted, no defense to assessment.* The time at which the plan of the work, under the Farm Drainage act, was finally determined cannot be invoked as a defense to an assessment.

APPEAL from the County Court of Kane county; the Hon. D. B. SHERWOOD, Judge, presiding.

N. F. NICHOLS, and R. G. MONTONY, for appellants.

M. O. SOUTHWORTH, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This drainage district was organized and a special assessment for benefits made by classifying the lands. Notice for hearing objections having been given, at the time of hearing for review the classification as to appellants was left as first made, and an order entered to that

effect. The special assessment roll or tax list was made out and filed in pursuance of the statute. One of the appellants owned a forty-acre tract, which was classified and charged with benefits amounting to $560. The other appellant owned a twenty-acre tract, which was classified and charged with benefits amounting to $400. From this assessment an appeal was prosecuted to the county court of Kane county, where a trial was had before a jury, and the assessment as to the forty-acre tract was sustained and the benefits to the twenty-acre tract were fixed at $300.

Upon an examination of the bill of exceptions it appears it does not purport to give all the evidence on the question of benefits to appellants' lands by the proposed improvement, but does give all the evidence on certain questions on which evidence was heard. By the evidence thus incorporated in the bill of exceptions appellants seek to bring before this court a record showing the commissioners, after procuring the right of way, employed an engineer to make a survey, plans, profiles and estimates, which being done, the commissioners subsequently determined to lay the tile fixed on to effect the drainage, two feet deeper than proposed by the plans of the engineer, which they did do, and appellants deny that the resolution to that effect was entered of record by the clerk of the commissioners or filed in his office. It is further claimed by appellants that the assessments were made before the adoption of the resolution to place the tile two feet deeper than fixed by the plans of the engineer. The argument in appellants' brief is devoted to these questions.

By the express provisions of section 27 of the Farm Drainage act the appeal, such as this, "shall be upon the ground, only, that such tax is a greater amount than the benefits to accrue to the land in question by the proposed drainage." (Hurd's Stat. p. 567.) Under this provision of the statute the questions sought to be raised on this

record are excluded from consideration, and the failure to incorporate into the record all the evidence as to the benefits to the lands by reason of the improvement must result in an affirmance of this judgment. Counsel for appellants earnestly urge their views on the questions raised on this record.

Section 17 of the Farm Drainage act is as follows: "Upon the organization of a drainage district the commissioners shall go upon the land and determine upon a system of drainage, which shall provide main outlets of ample capacity for the waters of the district, having in view the future contingencies as well as the present. * * * Unless the district is small and the plans are manifestly of easy determination, a competent engineer shall be employed to locate and advise upon the character of the work to be done, and report in writing, with maps, profiles and estimates of cost, and, in a general way, the benefits to accrue to the lands in the several localities of the district. The maps and papers showing the final determination as to a system of drainage shall be filed in the clerk's office and be recorded in the drainage record." This section vests in the commissioners a discretion, and it is for them to determine the manner of its exercise. They are required to go upon the land and determine upon a system of drainage, etc. They are not bound by the plans of the engineer and his estimates. They have a right to determine to go to a greater depth than that shown by the plans. They alone must decide whether the plans are manifestly of easy determination, and as this exercise of discretion vests in them it cannot be controlled by the courts. In *Johnson* v. *Sanitary District of Chicago*, (*ante*, p. 285,) we have discussed this question and will not renew it here, but refer to that case.

Whether the resolution of the commissioners to sink the tile to a greater or less depth is entered of record by the clerk is not a matter of defense to the assessment, nor can the time at which the plan of the work as finally

determined be invoked as a defense. The statute peremptorily declares the only question to be determined on the appeal. No discretion exists in the courts. The evidence incorporated in the bill of exceptions constitutes no defense, and the judgment of the county court of Kane county is affirmed.

*Judgment affirmed.*